UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

TIMOTHY D. WILKINS,

Plaintiff,

v.

E. LOZANO, ET AL.,

Defendants.

Case No. ED CV 25-2296-SVW(E)

ORDER DISMISSING COMPLAINT

WITH LEAVE TO AMEND

For the reasons discussed below, the Complaint is dismissed with leave to amend.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.[1]

**BACKGROUND**

On January 13, 2025, Plaintiff, a state prisoner previously confined at the California Institution for Men in Chino, California ("CIM"), filed a Complaint in the San Bernardino County Superior Court.  The Complaint named as Defendants:  E. Lozano;

---

[1]    Plaintiff's "Request for Extension of Time to Comply With Any Court Orders," filed December 19, 2025, is denied as moot because there were no deadlines set prior to the issuance of this Order.

M. Benetes; Santiago Olmos; and the California Department of Corrections and Rehabilitation ("CDCR").  On September 3, 2025, Defendants CDCR, Lozano and Olmos[2] removed the action to this Court on the ground that the Complaint asserts a federal constitutional claim under 42 U.S.C. section 1983.  On January 8, 2026, the action was reassigned to the undersigned judges.

## SUMMARY OF PLAINTIFF'S ALLEGATIONS

The Complaint alleges:

In or about August and September of 2023, Plaintiff was an inmate at CIM.  On August 18, 2023, "a settlement was reached in Wilkins v. Lowe, case no. CV-19-9159-VAP-(Ex)."  On August 23, 2023, Correctional Officer N. Vong served Plaintiff a "packaged meal [with] 'syringe holes' in it."  On September 3, 2023, Correctional Officers A. Salas and B. Chernak served Plaintiff another packaged meal that "had been opened and everything except the muffin and butter packet had syringe holes in it."

On September 4, 2023, Plaintiff talked to Chernak "about his food coming to him with syring[e] holes in it."  Chernak responded that "all he does is serve the food – he doesn't control what happens to it before that."  Around 20 minutes later, "Plaintiff had the same talk with C/O J. Ray," who "reported it to her sergeant."  On September 5, 2023, Psychologist Randy Yu spoke with Plaintiff in his cell about Plaintiff's complaints of syringe holes in his food.  Dr. Yu expressed concern that "Plaintiff is paranoid."  "Plaintiff briefly talked to Dr. Yu in an effort to

---

[2]    The Notice of Removal states that Plaintiff has not properly served Defendant Benetes with the summons and complaint.  Defendant Benetes has not appeared in this action.

2

show him he wasn't suffering from any mental health issues," and Dr. Yu left.

On September 22, 2023, Defendant Lozano served "contaminated" and/or "poisoned" food to Plaintiff.  On September 25, 2023, Defendant Benetes served "contaminated" and/or "poisoned" food to Plaintiff.  When Defendants Lozano and Benetes "served the Plaintiff poisoned food – they did it days – even hours before he was scheduled to appear in federal court against a former prison guard."

"The poisonings of the Plaintiff are connected to his court case against a former prison guard, Wilkins v. Lowe, et al., No. CV-19-9159-VAP-(Ex).  This can be shown by the timeline of events."

On September 26, 2023, Plaintiff submitted two medical call slips ("7632s") to an unnamed nurse, in which Plaintiff described injuries he sustained from eating the contaminated/poisoned food served by Defendants Lozano and Benetes.  On September 27, 2023, the unnamed nurse and Defendant Olmos prepared Plaintiff for transfer to California State Prison-San Quentin ("CSP-SQ"). When Plaintiff asked the unnamed nurse if she had submitted the 7632s, she replied affirmatively.

Olmos took Plaintiff's "vitals and temperature" and "gave the Plaintiff a box of stool softeners and a container of Gelusil tablets."  "When R.N. S. Olmos gave the Plaintiff the stool softeners and the Gelusil tablets, he broke eye-contact, it was as if his whole demeanor was off, something was wrong."  Plaintiff later surmised that Olmos must have read the 7632s, "knew the Plaintiff had a problem," "concealed one of those documents," and "took it upon himself to try to treat the Plaintiff, which was the wrong thing to do."

On September 28, 2023, Plaintiff arrived at CSP-SQ and learned that only the second 7632 submitted by Plaintiff at CIM had been processed. "Because the [second] medical slip was not processed while the Plaintiff was at [CIM] a doctor was not summoned. The Plaintiff was forced to initiate an 'emergency medical code' at [CSP-SQ] where medical personnel and a doctor [were] made aware of the 'poisonings' and the 'blood' that was coming out of the Plaintiff's ear. . . . Plaintiff's symptoms improved after he was treated with a GI (gastrointestinal) cocktail. . . ." On September 30, 2023, Plaintiff again received urgent medical attention for severe abdominal pain. On October 1, 2023, Dr. Smith told Plaintiff the abdominal injury would take six weeks to heal.

(Complaint, pp. 12-24).[3] Plaintiff apparently attempts to assert claims for deliberate indifference, conspiracy, and various state law violations. Plaintiff seeks damages (id., pp. 25-26).

**DISCUSSION**

**I.    The Complaint Does Not Comply Fully With Rule 8 of the Federal Rules of Civil Procedure.**

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted; original ellipses). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Conclusory

---

[3]    The Complaint is attached as Exhibit 1 to the Notice of Removal. The Complaint does not bear consecutive page numbers. The Court uses the ECF pagination when referring to the Complaint.

4

allegations are insufficient.  Ashcroft v. Iqbal, 556 U.S. 662, 686 (2009).

"Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice."  Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000) (citations and quotations omitted); see Ashcroft v. Iqbal, 556 U.S. at 678 (a plaintiff must allege more than an "unadorned, the-defendant-unlawfully-harmed me accusation"; a pleading that "offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do") (citations and quotations omitted).

"[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. at 678 (citation and internal quotations omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citation omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. at 555.

The Complaint fails to comply fully with Rule 8.  One cannot determine from the Complaint with certainty whether Plaintiff intends to sue others not expressly identified as a Defendant.  See McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996) (a complaint is subject to dismissal if "one cannot determine from the complaint who is being sued, for what relief, and on what theory. . . .").  If, as it appears, Plaintiff intends to sue persons in addition to the persons expressly identified in the Complaint as Defendants, Plaintiff may so indicate in a First Amended Complaint.

///

///

**II.      The Eleventh Amendment Bars Plaintiff's Claims Against CDCR.**

"[I]n the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). Eleventh Amendment immunity from suit extends to state law claims asserted in federal court. See id. at 121. CDCR is a state agency to which Eleventh Amendment immunity applies. See Aranda v. Martel, 416 F. App'x 651 (9th Cir. 2011) ("The [CDCR], as a state agency, is immune from suit under the Eleventh Amendment."); Brown v. Cal. Dep't of Corr., 554 F.3d 747, 752 (9th Cir. 2009) (CDCR is entitled to Eleventh Amendment immunity). "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court, . . . and the Supreme Court has held that § 1983 was not intended to abrogate a State's Eleventh Amendment immunity." Dittman v. California, 191 F.3d 1020, 1025-26 (9th Cir. 1999), cert. denied, 530 U.S. 1261 (2000) (citations and quotations omitted). Because this fundamental defect is not curable, the Court dismisses Plaintiff's claims against CDCR without leave to amend.

**III.     The Complaint Does Not Sufficiently Allege a Claim for Deliberate Indifference to Serious Medical Needs.**

Prison officials can violate the Constitution if they are "deliberately indifferent" to an inmate's serious medical needs. See Farmer v. Brennan, 511 U.S. 825, 834 (1994); Estelle v. Gamble, 429 U.S. 97, 104 (1976). "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (citation omitted); see also Lopez v. Smith, 203 F.3d 1122, 1131

(9th Cir. 2000) (en banc), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076 (9th Cir. 2014) (en banc) (examples of "serious medical needs" include "a medical condition that significantly affects an individual's daily activities," and "the existence of chronic and substantial pain"; citation and internal quotations omitted).

To establish "deliberate indifference," a prisoner must show that the prison official knew of and disregarded an excessive risk to the prisoner's health or safety. Farmer v. Brennan, 511 U.S. at 837.  The official must "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Id.  Allegations of negligence do not suffice.  Estelle v. Gamble, 429 U.S. at 105-06; Lopez v. Smith, 203 F.3d at 1131.  Thus, inadequate treatment due to accident, mistake, inadvertence, or even gross negligence does not amount to a constitutional violation.  Estelle v. Gamble, 429 U.S. at 105-06; Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004).  "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot . . . be condemned as the infliction of punishment."  Farmer v. Brennan, 511 U.S. at 838.

Prison officials may evidence deliberate indifference when they "deny, delay or intentionally interfere with medical treatment."  Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014) (citation omitted).  However, negligent delays do not violate the Constitution.  Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1988) (negligent delays in administering pain medication do not violate the Constitution).  Furthermore, a deliberate indifference claim based on an alleged delay in medical treatment is not cognizable unless the delay itself caused harm to the plaintiff.  See Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).  Furthermore, the plaintiff must show that the prison official's act or omission caused the alleged constitutional deprivation.  See Redman v.

County of San Diego, 942 F.2d 1435, 1454 (9th Cir. 1991) (en banc), cert. denied, 502 U.S. 1074 (1992), abrogated in part on other grounds, Farmer v. Brennan, 511 U.S. 825 (1994); Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).

Plaintiff appears to assert that Defendant Olmos was deliberately indifferent to Plaintiff's serious medical needs when Olmos allegedly failed to submit the second 7632, which supposedly resulted in a delay in medical treatment when Plaintiff arrived at CSP-SQ (see Complaint, pp. 13, 16-18).  However, the facts alleged do not plausibly demonstrate that Olmos knew about the 7632s or was personally involved in any asserted failure to submit the second 7632.  See Redman v. County of San Diego, 942 F.2d at 1454; Leer v. Murphy, 844 F.2d at 633.  Even if Olmos was so involved, the facts alleged do not plausibly demonstrate that Olmos acted with deliberate indifference, rather than with mere negligence.  See  Frost v. Agnos, 152 F.3d 1124 at 1130.  Additionally, the facts alleged do not plausibly demonstrate that the unsubmitted 7632 caused a delay in medical treatment or that any such delay caused any additional harm to Plaintiff.  See Berry v. Bunnell, 39 F.3d at 1057; Shapley v. Nevada Bd. Of State Prison Comm'rs, 766 F.2d at 407.  In short, Plaintiff's allegations against Olmos are speculative, conclusory and otherwise insufficient to state a claim for deliberate indifference.

**IV.     The Complaint Does Not Sufficiently Allege a Conspiracy Claim.**

"To establish liability for a conspiracy in a § 1983 case, a plaintiff must demonstrate the existence of an agreement or meeting of the minds to violate constitutional rights." Crowe v. County of San Diego, 608 F.3d 406, 440 (9th Cir. 2010), cert. denied, 562 U.S. 1135 (2011) (internal quotations and citation omitted).  "Such an agreement need not be overt, and may be inferred on the basis of circumstantial evidence such as the actions of the defendants." Id. (internal quotations and citation

omitted). "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." Id. (internal quotations and citation omitted). "[T]he plaintiff must state specific facts to support the existence of the claimed conspiracy." Burns v. County of King, 883 F.2d 819, 821 (9th Cir. 1989); see also Olsen v. Idaho State Bd. of Medicine, 363 F.3d 916, 929 (9th Cir. 2004) ("To state a claim for conspiracy to violate constitutional rights, the plaintiff must state specific facts to support the existence of the claimed conspiracy.") (internal citations omitted).

Plaintiff asserts that Defendants Lozano, Benetes and Olmos "participated in a conspiracy to violate the Plaintiff's rights" (Complaint, p. 20). Plaintiff alleges that Lozano and Benetes "poisoned" Plaintiff on September 22 and 25, and Olmos "concealed evidence by destroying or refusing to process the Plaintiff's medical slip" (id., p. 24). Plaintiff also asserts, in wholly conclusory fashion, that the "poisonings . . . are connected to his court case against a former prison guard" (id.). The facts alleged do not plausibly demonstrate the existence of an agreement or meeting of the minds between Lozano, Benetes and Olmos to violate Plaintiff's constitutional rights. Plaintiff asserts "facts that are merely consistent with [Defendants'] liability" and "stop[ ] short of the line between possibility and plausibility of entitlement to relief." Ashcroft v. Iqbal, 556 U.S. at 678 (internal quotations and citation omitted). Plaintiff's conclusory allegations do not suffice. Id.

**ORDER**

The claims against CDCR are dismissed without leave to amend. The Complaint otherwise is dismissed with leave to amend. If Plaintiff still wishes to pursue this action, he is granted thirty (30) days from the date of this Order within which to file a First Amended Complaint. Any First Amended Complaint shall be complete in itself and shall

9

not refer in any manner to the original Complaint. Failure timely to file a First Amended Complaint in conformity with this Order may result in the dismissal of the action. See Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002), cert. denied, 538 U.S. 909 (2003) (court may dismiss action for failure to follow court order); Simon v. Value Behav. Health, Inc., 208 F.3d 1073, 1084 (9th Cir.), amended, 234 F.3d 428 (9th Cir. 2000), cert. denied, 531 U.S. 1104 (2001), overruled on other grounds, Odom v. Microsoft Corp., 486 F.3d 541 (9th Cir.), cert. denied, 552 U.S. 985 (2007) (en banc) (affirming dismissal without leave to amend where plaintiff failed to correct complaint's deficiencies, court had afforded plaintiff opportunities to do so, and court had given plaintiff notice of the substantive problems with his claims); Plumeau v. Sch. Dist. No. 40, County of Yamhill, 130 F.3d 432, 439 (9th Cir. 1997) (denial of leave of amend appropriate where further amendment would be futile).

IT IS SO ORDERED.

DATED: March 4, 2026

_____
STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE

PRESENTED this 11th day of

February, 2026 by:

_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

10